**Electronically Filed
Intermediate Court of Appeals
29291
19-DEC-2012
09:06 AM**

NO. 29291

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RONALD KANESHIRO, Petitioner-Appellant,
vs.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(HPD Traffic No. 1DAA-08-0004)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, J., and Circuit Judge Alm,
in place of Foley, Fujise, Reifurth, and Ginoza, JJ., all
recused.)


Petitioner-Appellant Ronald Kaneshiro (Kaneshiro) was stopped at a sobriety checkpoint roadblock and arrested for operating a vehicle under the influence of an intoxicant (OVUII). Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO), sustained the administrative revocation of Kaneshiro's driver's license. Kaneshiro sought judicial review of the Director's decision. The District Court of the First Circuit (District Court)[1] affirmed the Director's decision and issued a "Decision and Order Affirming Administrative Revocation" and a "Judgment on

_____

[1] The Honorable William A. Cardwell presided.

Appeal" (Judgment) on May 19, 2008. Kaneshiro appeals from the this Judgment.

Kaneshiro's sole argument on appeal is that the District Court erred in holding that there was sufficient evidence to find that the police stopped Kaneshiro's vehicle in conformity with the predetermined roadblock procedure of stopping every fifth vehicle. As explained below, we agree with Kaneshiro that the District Court erred in holing there was sufficient evidence, and we reverse the District Court's Judgment.

I.

Where a driver's OVUII arrest is based on a roadblock stop, Hawaii Revised Statutes (HRS) HRS § 291E-38(e) (2007) provides that the "[D]irector shall affirm the administrative revocation <u>only if</u> the [D]irector determines that . . . <u>the vehicle was stopped at an intoxicant control roadblock established and operated in compliance with sections 291E-19 and 291E-20</u>[.]" (Emphases added.) Among other things, HRS § 291E-20 (2007) requires that "[e]very intoxicant control roadblock program shall . . . [r]equire that all vehicles approaching roadblocks be stopped or that certain vehicles be stopped by selecting vehicles in a specified numerical sequence or pattern[.]" HRS § 291E-20(a)(1). The government bears the initial burden of proving the grounds for revocation, and the arrestee cannot be called upon to respond before this initial burden has been satisfied. <u>See</u> <u>Freitas v. Admin. Dir. of Courts</u>, 108 Hawai'i 31, 45, 116 P.3d 673, 687 (2005); <u>Kernan v. Tanaka</u>, 75 Haw. 1, 30, 856 P.2d 1207, 1222 (1993).

In this case, Honolulu Police Department (HPD) Sergeant Duke Zoller (Sergeant Zoller) established the procedure and numerical sequence for the roadblock as the stopping of every fifth vehicle. HPD Officer Christopher Bugarin (Officer Bugarin) was in charge of identifying which vehicle to stop. Officer Bugarin's police report, which was submitted in support of the administrative revocation of Kaneshiro's license, stated that Officer Bugarin was instructed to stop every fifth vehicle for

inspection and that he stopped Kaneshiro's vehicle because it was the designated fifth vehicle. However, the hearing officer struck Officer Bugarin's police report and did not consider the report as evidence because it was not submitted in the form of a sworn statement.[2/]

We conclude that without Officer Bugarin's report, there was insufficient evidence to show that the police had operated the roadblock and stopped Kaneshiro's vehicle in compliance with the minimum statutory requirements. In other words, there was insufficient evidence to support a finding that Kaneshiro's vehicle had been stopped in compliance with the established procedure of stopping every fifth vehicle in sequence. The only evidence admitted at the hearing on this issue was that Sergeant Zoller had predetermined that the procedure for the roadblock was to stop every fifth vehicle and that several other officers at the roadblock (besides Officer Bugarin) were aware of this predetermined procedure. However, no evidence was offered that Officer Bugarin followed the predetermined procedure. Indeed, Officers Felix Gasmen and Stuart Uyetake, who testified at the hearing, both stated that they did not know whether Officer Bugarin had followed the predetermined procedure in selecting Kaneshiro's vehicle for inspection.

The Director argues that the hearing officer could reasonably infer, based on the evidence that a predetermined procedure had been established, that the procedure had been followed by Officer Bugarin. We disagree. The establishment of a procedure and compliance with that procedure are two different things. There was no evidence admitted at the hearing that Officer Bugarin followed the predetermined procedure, that he stopped Kaneshiro's vehicle in compliance with the procedure, or

---

[2/] In Desmond v. Admin. Dir. of Courts, 91 Hawai'i 212, 982 P.2d 346 (App. 1998), this court noted that "[t]he job of the [ADLRO] would be simpler if all statements of every law enforcement official were worded as sworn statements." Desmond, 91 Hawai'i at 219 n.4, 982 P.2d at 353 n.4.

that he was even aware of the procedure. We conclude that, even when viewed in the light most favorable to the government, the hearing officer could not reasonably infer that the predetermined procedure had been followed based merely on evidence that the procedure had been established.

We also disagree with the Director's argument that the presumption of "[o]fficial duty regularly performed" (official duty presumption) set forth in Hawaii Rules of Evidence (HRE) Rule 304(c)(2) (1993) can be applied to fill the evidentiary deficiency. HRE Rule 304(c)(2) provides that the presumption that official duty has been regularly performed does not apply to the lawfulness of an arrest made without a warrant. The commentary to HRE Rule 304(c)(2) reveals that the presumption was not intended to apply to warrantless seizures or searches. Commentary to HRE Rule 304 ("The qualification barring extension of the [official duty] presumption to the lawfulness of arrests or searches conducted without warrants is implicit in search and seizure law[.]"). Under Hawai'i law, a warrantless seizure or search is presumptively invalid and unreasonable. State v. Heapy, 113 Hawai'i 283, 290, 151 P.3d 764, 771 (2007); State v. Ortiz, 67 Haw. 181, 184, 683 P.2d 822, 825 (1984). In light of Hawai'i's jurisprudence, we conclude that the hearing officer could not base his determination that Officer Bugarin complied with the predetermined procedure of stopping every fifth vehicle and that Kaneshiro's warrantless seizure was lawful upon the official duty presumption. See Heapy, 113 Hawai'i at 290, 151 P.3d at 771; Ortiz, 67 Haw. at 184, 683 P.2d at 825; see also State v. Rolison, 6 Haw. App. 569, 733 P.2d 326 (1987) (imposing burden on the government to show strict compliance with Intoxilyzer rules in laying foundation for the admission of Intoxilyzer results); but see Roselfsema v. Dep't of Motor Vehicles, 48 Cal. Rptr. 2d 817, 821-22 (Cal. Ct. App. 1995) (applying official duty presumption in determining the lawfulness of a roadblock stop).

II.

For the foregoing reasons, we reverse the Judgment of the District Court.

DATED: Honolulu, Hawai'i, December 19, 2012.

On the briefs:

Earle A. Partington
for Petitioner-Appellant

Girard D. Lau
Deputy Attorney General
Department of the Attorney General
for Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Circuit Court Judge

5